*Summary Disposition September 25, 2015:*

WHITE V HUTZEL WOMEN'S HOSPITAL, No. 150397; Court of Appeals No. 304221. Pursuant to MCR 7.305(H)(1), in lieu of granting the application for leave to appeal, we reverse the judgment of the Court of Appeals and we remand this case to the Wayne Circuit Court for entry of judgment in the defendant's favor. To establish proximate cause, a plaintiff must prove two elements: (1) cause in fact, and (2) legal, or proximate, cause. *Skinner v Square D Co*, 445 Mich 153, 162-163 (1994). A plaintiff proves that the defendant's conduct was a cause in fact of his injuries only if he sets forth specific facts in evidence which support a reasonable inference of a logical cause and effect. *Craig v Oakwood Hosp*, 471 Mich 67, 87-88 (2004). Here, the plaintiff's expert witnesses have failed to prove any causal connection between non-reassuring heart tones on the fetal heart monitor and the plaintiff's child's resultant cerebral palsy. Any causal connection is speculative at best. When viewed in a light most favorable to the plaintiff, the evidence fails to establish her claim as a matter of law. *Wilkinson v Lee*, 463 Mich 388, 391 (2000). The defendant was therefore entitled to judgment notwithstanding the verdict. *Id.*

The application for leave to appeal as cross-appellant is denied as moot.

BERNSTEIN, J. *(dissenting)*. I disfavor a peremptory reversal here because I believe that a jury is better suited than this Court to make the factual findings necessary for a determination of causation. I would deny leave to appeal and permit this case to continue to a new trial, as ordered by the Court of Appeals.

*In re* APPLICATION OF INDIANA MICHIGAN POWER COMPANY FOR A CERTIFICATE OF NECESSITY, Nos. 150555 and 150558; reported below: 307 Mich App 272. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate only the Court of Appeals statement that: "Since the term [singular] is subject to two interpretations, it is ambiguous and judicial construction is required to effectuate Legislative intent." This definition of ambiguity is not correct. A provision of law is ambiguous only if it "irreconcilably conflict[s]" with another provision or "when it is *equally* susceptible to more than a single meaning." *Mayor of Lansing v MPSC*, 470 Mich 154, 166 (2004). However, the Court of Appeals correctly considered the statutory context to assess the meaning of the term. *Koontz v Ameritech Services, Inc*, 466 Mich 304, 318 (2002). In all other respects, leave to appeal is denied, because we are not persuaded that the question presented should be reviewed by this Court.